**In the United States District Court**
**For the Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| **Tyrell Graham,** | § | **C.A. No.: _____** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **United States Department of Energy,** | § | **Jury Trial Demanded** |
| **APTIM Environmental & Infrastructure,** | § | |
| **LLC, BWX Technologies, Inc.,** | § | |
| **Strategic Storage Partners, LLC and** | § | |
| **Fluor Federal Petroleum Operations,** | | |
| **LLC.** | | |
| *Defendants.* | | |

**Tyrell Graham's Original Complaint and Jury Demand**

Plaintiff Tyrell Graham ("Mr. Graham") files this Tyrell Graham's Original Complaint and Jury Demand against Defendants United States Department of Energy, Fluor Federal Petroleum Operations, LLC, BWX Technologies, Inc., Strategic Storage Partners, LLC and APTIM Environmental & Infrastructure, LLC (hereinafter referred to as "Defendants") and any other responsible parties, and would respectfully show the Court as follows:

**A. Parties**

1. Plaintiff, Tyrell Graham, is a resident of Fort Bend, Texas.

2. Defendant, United States Department of Energy, is a federal administrative agency and conducts operations in this Judicial District at the Bryan Mound Oil

Storage site in Freeport, Texas. Service of process may be effected by serving the United States Attorney for the Southern District of Texas, located at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002, who is the authorized agent for accepting service on behalf of the Department of Energy within this district. Service is hereby requested at this time. Additionally, a copy of the service documents should be sent to the Department of Energy Headquarters, Office of the General Counsel, at 1000 Independence Avenue, SW, Washington, DC 20585, and that forwarding of documents is requested at this time.

3. Defendant, Fluor Federal Petroleum Operations, LLC, is a corporation doing business in Texas and can be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218.  Service is hereby requested at this time.

4. Defendant, BWX Technologies, Inc., is a North Carolina for profit corporation doing business in Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service is hereby requested at this time.

5. Defendant, APTIM Environmental & Infrastructure, LLC, is a Foreign limited liability company doing business in Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service is hereby requested at this time.

6. Defendant, Strategic Storage Partners, LLC, is a limited liability company doing business in Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service is hereby requested at this time.

**B. Basis for Jurisdiction**

7. Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000. In that type of case, no Defendant can be a citizen of the same state as any plaintiff. As admitted, Plaintiff is a resident of Texas. In determining diversity of jurisdiction, the state where someone establishes their domicile is their place of citizenship. Therefore, Plaintiff is domiciled in and a citizen of Texas.

8. Whereas, Defendant United States Department of Energy is a federal agency of the United States government. It is not a corporation formed under any state law. The Department conducts operations, including the Bryan Mound Oil Storage site, located in Freeport, Texas. For purposes of diversity jurisdiction, the United States Department of Energy is not a citizen of the State of Texas.

9. Pursuant to 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Texas and the United States Department of Energy is not, therefore, there is complete diversity of citizenship between the parties.

10. The amount in controversy requirement under 28 U.S.C. § 1332 is met, because Plaintiff is seeking monetary relief over $1,000,000. As such, the amount that Plaintiff seeks is more than the required $75,000, not counting interest and costs of the court.

**C. Notice Prerequisite under Federal Torts Claims Act**

11. Pursuant to 28 U.S.C. § 2675(a), before filing this lawsuit, Plaintiff complied with the administrative notice requirements of the Federal Tort Claims Act ("FTCA"). Specifically, Plaintiff timely presented his administrative claim in writing to the appropriate federal agency, the United States Department of Energy, within two years after the claim accrued.

12. More than six months have elapsed since the agency received the claim, and the agency has failed to make a final disposition within the statutory time period. Accordingly, Plaintiff has satisfied all jurisdictional prerequisites to bring this action under the FTCA.

**D. Relevant Factual Background**

13. On November 25, 2024, Plaintiff Tyrell Graham was working at the U.S. Department of Energy Strategic Petroleum Reserve, Bryan Mound Oil Storage site, located at 1900 County Road 242 A, Freeport, Texas 77541 (the "Site").

14. Upon information and belief, the Site was being operated and managed by Fluor Federal Petroleum Operations, LLC, the Department of Energy, BWXT and APTIM.

15. While in the course of carefully performing his assigned duties, Mr. Graham sustained severe second-degree burns to both of his hands.

16. Upon information and belief, Mr. Graham's injuries were caused by a defective valve and/or hose.

17. Upon information and belief, the defective valve and/or hose was equipment, rather than a permanent improvement to the property, and the injury arose from Defendants failure to provide safe equipment and supervision.

18. Upon information and belief, Defendants hired several contractors to work on the project.

19. Upon information and belief, Defendants at all times, actively directed, managed, and retained control over the means, methods, and operative details of the work being performed, including safety procedures and supervision of workers on site.

20. Upon information and belief, Defendants personnel had the authority to stop, alter, or control the work being performed and failed to do so despite actual knowledge of the unsafe and hazardous conditions that existed.

21. Upon information and belief, the dangerous condition that caused Mr. Graham's injuries arose from Defendants negligent maintenance and operation of the premises and failure to implement or enforce safe work practices involving inherently dangerous activities and/or hazardous activities.

22. These acts and omissions constitute negligence independent of any act or omission by Mr. Graham.

23. At all relevant times, Mr. Graham acted with reasonable care, and nothing he did or failed to do caused or contributed to the occurrence.

24. Mr. Graham's injuries were the direct and proximate result of Defendants negligence, both of commission and omission, including its failure to provide a safe work environment, properly supervise operations, and warn of known hazards under its control.

## D. Cause of Action - Negligence

25. At all relevant times, Defendants exercised and/or retained control over the worksite and the activities ongoing at the time of the incident.

26. Moreover, Defendants had actual knowledge and privity of the particular hazardous conditions of the instrumentalities at the facility that brought about Tyrell Graham's injuries, and failed to report those hazardous conditions to its contractors or their employees working on and near those instrumentalities.

27. Defendants owed certain duties to Plaintiff and was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitutes negligence which proximately caused the incident made the basis of this lawsuit, and the resulting injuries and damages to Plaintiff:

    a. Failing to provide and maintain a safe workplace;

b. Failing to properly plan and engineer the activities, in particular, those ongoing in the area where Plaintiff was working;

c. Failing to adequately coordinate the work of the contractors to ensure safety for the duration of the repairing activity;

d. Failing to adequately prepare the machine for repairing activities;

e. Failing to provide adequate safety policies and procedures in place;

f. Failing to properly warn Plaintiff of the dangers associated with the work he was doing;

g. Failure to design and implement a machine repair plan;

h. Failing to provide properly train and supervise workers; and

i. Failing to maintain machinery and equipment.

28. The negligence of Defendants, its agents, servants and/or employees in the course and scope of their employment, was a proximate cause of the incident.

**E. Gross Negligence**

29. Defendants were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries. Defendants malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendants and their callous disregard for the safety of individuals such as Plaintiff. Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

**F. Damages**

30. By virtue of the actions and conduct of the Defendants as set forth above, Plaintiff was seriously injured. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained. Because of the nature and severity of the injuries sustained, Plaintiff has suffered physical pain and mental anguish and, in reasonable probability, will continue to suffer disfigurement, physical pain and mental anguish in the future.

31. Due to the action and conduct of the Defendants herein, Plaintiff has sustained very painful and disabling physical injuries. Plaintiff has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

### G. Pre- and Post-Judgment Interest

32. Plaintiff would additionally say and show that he is entitled to recovery of prejudgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of prejudgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

### H. Jury Demand

33. Plaintiff hereby demands a trial by jury.

### I.   Conclusion and Prayer

8

34. Plaintiff requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have: (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiff may show himself justly entitled at law and in equity.

Respectfully submitted,

**The Alfred Firm**
*/s/ Byron C. Alfred*
Byron C. Alfred
Attorney-in-Charge
SBN: 24084507
Southern District Bar No. 2217637
byron@alfredfirm.com
Rachel Beard
SBN: 24126168
Southern District Bar No. 3865113
rachel@alfredfirm.com
2211 Norfolk Street, Ste. 803
Houston, Texas 77098
Tel. 713.470.9714
Fax 877.751.7453
**ATTORNEYS FOR PLAINTIFF**
**TYRELL GRAHAM**